IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| | * | |
| v. | * | CR 109-073 |
| | * | |
| SEQUOYAH ELAM. | * | |

**O R D E R**

Presently pending before the Court is Defendant's motion to suspend or modify payments. (Doc. no. 429.) For the reasons set forth below, this motion is **DENIED**.

On June 2, 2010, Defendant pled guilty to possession with intent to distribute five grams or more of cocaine base in violation of federal criminal law. Subsequently, he was sentenced to serve 108 months of imprisonment. As part of his sentence, the Court ordered Defendant to pay a $100.00 assessment immediately, and a fine of $3,000.00, with payment to begin during his incarceration. (Doc. no. 349.) Specifically, the Court ordered Defendant to pay "quarterly installments of a minimum of $25 if working non-UNICOR or a minimum of 50 percent of monthly earnings if working UNICOR." (Id.)

In the current motion, Defendant seeks to have his fine suspended or reduced because his Inmate Financial Responsibility Program ("IFRP") "case manager" increased his payments to $100 quarterly due to funds he was receiving. (Doc. no. 429 at 1.) Defendant states that his father had been providing him with funds but recently passed away. (Id.)

Pursuant to 18 U.S.C. § 3572(d)(3), the Court has the authority to modify fine repayments based upon a defendant's changed economic circumstances. Section 3572(d)(3) provides that:

> A judgment for a fine which permits payments in installments shall include a requirement that the defendant will notify the court of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay the fine. Upon receipt of such notice the court may, on its own motion or the motion of any party, adjust the payment schedule, or require immediate payment in full, as the interests of justice require.

18 U.S.C. § 3572(d)(3). "As the words, 'the court may . . . adjust the payment schedule,' imply, granting relief under § 3572(d)(3) is a discretionary call." U.S. v. Brown, 194 Fed. Appx. 587, 588 (11th Cir. 2006). As the Government points out, nothing in Defendant's motion indicates a material change in economic circumstances from when Defendant was sentenced. Thus, the Court will not exercise its discretion to modify Defendant's fine payment schedule because there is no indication that his economic circumstances have changed materially since the Court imposed the current penalty schedule.

To the extent that Defendant objects to the IFRP's payment schedule, Defendant must file a petition pursuant to 28 U.S.C. § 2241 challenging the execution of his sentence in the district of confinement rather than in the sentencing court. See United States v. Wynn, 328 Fed. Appx. 826, 829 (3d Cir. 2009). Because Defendant is incarcerated in Alabama, this Court lacks jurisdiction over such a claim.

Based on the foregoing, Defendant's motion (doc. no. 429) is **DENIED**.

**ORDER ENTERED** at Augusta, Georgia, this 29th day of August, 2014.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA