UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR 109-073 |
| | ) | |
| SEQUOYAH ELAM, | ) | |
| | ) | |
| Defendant. | ) | |

### GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT ELAM'S 18 U.S.C. § 3582(c)(2) MOTION

Now comes the United States of America, by and through its counsel, Edward J. Tarver, United States Attorney for the Southern District of Georgia, and hereby responds in opposition to the 18 U.S.C. § 3582(c)(2) motion filed by defendant Elam. (Doc. 432.)

Elam's motion is based on proposed Amendment 782 to the Sentencing Guidelines, which if implemented will revise the Drug Quantity Table in U.S.S.G. § 2D1.1 and reduce by two levels the offense level applicable to many drug trafficking offenses. This Court lacks authority to reduce a sentence at this time on the basis of Amendment 782, as that amendment is not yet effective.

As a general rule, a criminal sentence is final upon completion of direct review, and the sentencing court thereafter lacks authority to revisit it. Dillon v. United States, 560 U.S. 817, 824 (2010). Section 3582(c)(2) states a limited exception to this rule, providing:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons,

or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

The provision referenced in this statute, 28 U.S.C. § 994(o), authorizes the Commission to periodically review and revise the Sentencing Guidelines. Section 994(p) dictates the amendment process, stating:

> The Commission, at or after the beginning of a regular session of Congress, but not later than the first day of May, may promulgate under subsection (a) of this section and submit to Congress amendments to the guidelines and modifications to previously submitted amendments that have not taken effect, including modifications to the effective dates of such amendments. Such an amendment or modification shall be accompanied by a statement of the reasons therefor and shall take effect on a date specified by the Commission, which shall be no earlier than 180 days after being so submitted and no later than the first day of November of the calendar year in which the amendment or modification is submitted, except to the extent that the effective date is revised or the amendment is otherwise modified or disapproved by Act of Congress.

Thus, the statute mandates that Congress be afforded a period of at least 180 days to alter or disapprove any proposed guideline amendment, before the amendment becomes effective.

Pursuant to this statutory authority, on April 30, 2014, the Commission promulgated Amendment 782, which generally revised the Drug Quantity Table and chemical quantity tables across drug and chemical types. The Commission, consistent with Section 994(p), stated that the amendment will be effective on November 1, 2014, unless Congress modifies or disapproves it.

Subsequently, on July 18, 2014, the Commission voted, pursuant to the authority provided in 28 U.S.C. § 994(u),[1] to make Amendment 782 retroactively applicable to previously sentenced defendants.  Thus, should Amendment 782 become effective on November 1, 2014, previously sentenced prisoners may move under 18 U.S.C. § 3582(c)(2) at that time for modification of their sentences on the basis of the amendment.  At present, however, there has been no change in the guidelines applicable to the defendant, and accordingly there may not be any reduction in sentence.[2]

In its action declaring Amendment 782 retroactively applicable, the Commission specified: "The court shall not order a reduced term of imprisonment based on Amendment 782 unless the effective date of the court's order is November 1, 2015, or later."  Thus, beginning on November 1, 2014, if Amendment 782 becomes effective, courts may address applications for reduced sentences, but no defendant may be released as the result of such an application earlier than November 1, 2015.  The Commission's authority to define "in what circumstances

---

[1]  Section 994(u) states: "If the Commission reduces the term of imprisonment recommended in the guidelines applicable to a particular offense or category of offenses, it shall specify in what circumstances and by what amount the sentences of prisoners serving terms of imprisonment for the offense may be reduced."

[2]  Since the adoption by the Commission of proposed Amendment 782 became certain earlier in 2014, the government has agreed at sentencing in many pending cases that courts could consider granting a variance comporting with the amendment, upon the defendant's assurance that he will not seek duplicative retroactive relief when the amendment becomes effective.  This procedure is not available to a previously sentenced defendant because, as explained above, there is no legal authority for revisiting a final sentence until the amendment becomes effective.

and by what amount the sentences of prisoners serving terms of imprisonment for the offense may be reduced" is stated in 28 U.S.C. § 994(u), and its directives in this regard are binding on the courts:

> The [Sentencing Reform Act] charges the Commission both with deciding whether to amend the Guidelines, § 994(o), and with determining whether and to what extent an amendment will be retroactive, § 994(u). A court's power under § 3582(c)(2) thus depends in the first instance on the Commission's decision not just to amend the Guidelines but to make the amendment retroactive. The court is also constrained by the Commission's statements dictating "by what amount" the sentence of a prisoner serving a term of imprisonment affected by the amendment "may be reduced."

<u>Dillon v. United States</u>, 560 U.S. 817, 826 (2010).

Because no defendant may be released on the basis of the retroactive amendment before November 1, 2015, there will be ample time for consideration of the defendant's motion if and when Amendment 782 becomes effective. Accordingly, the defendant's motion is premature. At most, the Court should hold it in abeyance until November 1, 2014, and then consider it if Amendment 782 becomes effective.

This 6th day of October, 2014.

              Respectfully submitted,

              EDWARD J. TARVER
              UNITED STATES ATTORNEY

      BY: ***s/ Nancy C. Greenwood***

              Nancy C. Greenwood
              Assistant United States Attorney
              Georgia Bar No. 309179
              P.O. Box 2017
              Augusta, Georgia
              706-724-0517

## **CERTIFICATE OF SERVICE**

This is to certify that I have on this day served all the parties in this case in accordance with the notice of electronic filing ("NEF") which was generated as a result of electronic filing in this Court.  Additionally, a copy has been mailed to:

Sequoyah Elam, No. 14170-021
FCI Talladega
P.M.B 1000
Talladega, AL  35160

This 6th day of October, 2014.

        EDWARD J. TARVER
        UNITED STATES ATTORNEY

BY:  *s/ Nancy C. Greenwood*

        Nancy C. Greenwood
        Assistant United States Attorney
        Georgia Bar No. 309179
        P.O. Box 2017
        Augusta, Georgia
        706-724-0517